Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **BILL DEAN BYRD**, | ) |
| | ) |
| Petitioner, | ) Case No. 7:05CV00729 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondent. | ) |

*Bill Dean Byrd, pro se*

Petitioner, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). I find that the motion is untimely and will accordingly dismiss it.

I

The petitioner pleaded guilty on July 28, 1999, to unlawful possession of a firearm, in violation of 18 U.S.C.A. § 922(g) (West 2000). Petitioner's Presentence Investigation Report ("PIR") found that petitioner should be sentenced as an armed career criminal pursuant to 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2005), because he had three previous convictions that qualified as violent felonies under that

provision. PIR ¶ 20. On October 13, 1999, petitioner was sentenced to 188 months imprisonment. Petitioner did not appeal. The present motion under § 2255 was signed by the petitioner on November 23, 2005. In the motion, contends that he should not have been sentenced as an armed career criminal because one of the three prior burglary offenses used to enhance his sentence does not qualify as a crime of violence under 18 U.S.C.A. § 924(e)(2).

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1)　the date on which the judgment of conviction becomes final;

(2)　the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)　the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)　the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 para 6. If the district court gives the petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the motion. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutcherson*, 209 F.3d 325, 330 (4th Cir. 2000). Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. *See Harris*, 209 F.3d at 330.

## III

Under § 2255 para. 6(1), petitioner's Motion is clearly untimely filed. Petitioner's conviction became final on or about October 27, 1999, when his opportunity to appeal his conviction expired. Fed. R. App. P. 4(b). He had one year, until October 26, 2000, to file a timely § 2255 motion. He signed the current Motion on November 23, 2005, more than five years after his filing period expired under § 2255. Petitioner fails to demonstrate any fact triggering calculation of his filing period under para. 6(2), 6(3) or 6(4). Thus, unless petitioner can demonstrate some ground on which equitable tolling is warranted in his case, I must dismiss the action as untimely.

In his attempt to invoke equitable tolling, petitioner argues that he is "actually innocent" of being an armed career criminal. Specifically, he argues that his 1985 statutory burglary of a flea market (which he characterizes as "a commercial structure") did not qualify as a violent offense.

Even if I were to recognize actual innocence of a sentence enhancement factor as a ground for equitable tolling of the § 2255 limitation period, petitioner's "actual innocence" argument fails,[1] as does his underlying claim that he is entitled to be

---

[1] Neither the United States Supreme Court nor the Court of Appeals for the Fourth Circuit have held that actual innocence of a sentence enhancement tolls the limitation period in § 2255 para. 6. Some courts have held that a showing of actual innocence may warrant

- 4 -

resentenced. "[A] person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. v. United States*, 495 U.S. 575, 598 (1990). Petitioner's 1985 flea market burglary conviction clearly meets this definition.[2] *See also* § 924(e)(2)(B)(ii). As petitioner fails to demonstrate any ground on which equitable tolling is warranted, and because his claim for relief is without merit, I will dismiss his § 2255 motion as untimely.

---

equitable tolling of the § 2255 filing period under extremely limited circumstances. *See, e.g., United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (to show actual innocence so as to lift procedural bar under § 2255 para. 6, defendant was required to show he was actually innocent not only of crime to which he pled guilty, but was also actually innocent of charges foregone by the government in the course of plea bargaining). Generally, to demonstrate actual innocence as a gateway to review of procedurally barred § 2255 claims, petitioner must show that in light of all the evidence, including specific, reliable evidence not presented at trial, "it is more likely than not that no reasonable juror would have convicted him" of the underlying crime. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Petitioner does not demonstrate that he is actually innocent of the federal offense to which he pled guilty or of the charged firearm offense that was dismissed pursuant to his plea agreement. Hence, he fails to demonstrate actual innocence of the offense so as to warrant equitable tolling on that ground.

[2] Paragraph 25 of the PIR indicates that in July 1985, petitioner was convicted of statutory burglary and one count of grand larceny in the Circuit Court for Henry County, Virginia, for which the court sentenced him to six months in jail and five years of probation. In describing petitioner's offense conduct, the report states that on February 12, 1985, petitioner "broke into Cecil's Flea Market and took property in excess of $200." *Id. See also* Va. Code Ann. § 18.2-91 (Michie 2004) (statutory burglary punishable by one to twenty years imprisonment).

For these reasons, there is no ground upon which the present motion might be deemed timely filed. Accordingly, it will be dismissed.

A separate Final Order will be entered herewith.

ENTER: December 7, 2005

/s/ JAMES P. JONES
Chief United States District Judge